# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM EDWARD ROYSTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 08-0141-CV-W-FJG |
| v. ) | |
| ) | |
| TOMMY NICHOLS, et al., ) | |
| ) | |
| Defendants, ) | |

# ORDER

Currently pending before the Court is defendant Highwoods Properties, Inc.'s Motion for Leave to File Cross-Claim Against Co-Defendants Kona Macadamia, Inc. d/b/a/ Kona Grill and Chesley Brown International, Inc. (Doc. # 102) and Highwoods Properties Inc.'s Motion for Summary Judgment (Doc. # 110).

## I. BACKGROUND

On February 28, 2006, plaintiff met some business associates at the Kona Grill. Plaintiff alleges that after he arrived, he handed an employee of the Kona Grill his credit card for the purpose of it being held behind the bar in order to pay for any charges his group might incur. At one point during the evening, the manager on duty informed plaintiff that someone in his group had made an unwelcome comment to another patron and that his party would have to leave immediately. After leaving, plaintiff alleges that he realized that he had left his credit card. When he returned to retrieve his card, he was met by Kansas City police officer, Tommy Nichols, who was working an off-duty assignment with Plaza Security. Plaintiff alleges that the manager of the Kona Grill

stated that he had not paid his bill and that he was then arrested, handcuffed and taken to the offices of the Plaza Security. Plaintiff was then transported to the Kansas City Missouri Police Department's Detention Unit where he was booked on a theft charge. The charges were eventually dropped when plaintiff produced a credit card statement showing that his card had been charged on the date in question and no one from the Kona Grill appeared at the hearing.

Plaintiff asserts a claim for a violation of his civil rights under 42 U.S.C. § 1983 against defendants Tommy Nichols, George Rosenkoetter, and defendant John Doe; a claim for conspiracy against defendant Nicholas, Rosenkoetter and Doe; a civil rights claim against defendants Corwin and the Kansas City Board of Police Commissioners; a civil rights claim against the Kona Grill, Highwoods Properties and Chesley Brown International, Inc. d/b/a Plaza Security; false arrest claim and unlawful imprisonment against all defendants; negligence resulting in the wrongful arrest and detention against all defendants; malicious prosecution against all defendants and the tort of outrageous conduct against all defendants.

Highwoods Properties, Inc. ("Highwoods") has moved pursuant to Fed.R.Civ.P. 13 to file a cross-claim against Chesley Brown for contractual indemnification, breach of contract and breach of express warranties and against Kona Grill for Contractual Indemnification. Highwoods has also moved for summary judgment stating that generally, a landowner is not vicariously liable for the acts of an independent contractor or its employees. Plaintiff responds that such a motion is not ripe because the issue of how much control Highwoods exercised over its tenant Kona Grill or Chesley Brown has yet to be determined. Plaintiff's counsel also attached an affidavit in which he states

that in order to respond he needs to take the depositions of authoritative persons associated with Kona Grill, Chesley Brown and Highwoods Properties in order to establish the nature and extent of control Highwoods exercised over each of these entities.

## II. STANDARDS

Fed.R.Civ.P. 13(g) states in part:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . .

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler

3

v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

**A. Motion for Leave to File Cross Claims**

Highwoods seeks leave to file cross claims against co-defendants Kona Grill and Chesley Brown. Highwoods states that there was a lease in effect between it and the Kona Grill on February 28, 2006. The lease addresses the issue of indemnification and Highwoods alleges that it requires Kona Grill to indemnify Highwoods for events arising out of the use of the leased premises. Additionally, Highwoods had an agreement with Chesley Brown to provide security services. The agreement also addressed the issues of insurance and indemnification. Kona Grill opposes the motion for leave to file a cross claim arguing that the motion is untimely as Highwoods has known about the claim and the indemnification provision for almost two years. Kona Grill also argues that the motion would be futile and that it would be prejudiced if the untimely cross claim were allowed to be filed. Chesley Brown did not file a response to the motion.

Pursuant to the Court's Scheduling and Trial Order, the deadline for amending pleadings was July 3, 2009. However, the deadline for the close of discovery in this case has recently been extended to June 1, 2010 and the trial date is over a year away. Additionally, Highwoods states that the timing of its motion was based on its recently failed attempts at negotiation with both Kona Grill and Chesley Brown. Additionally, Kona states that the merits of the cross claim are not relevant to whether the motion should be granted and that questions regarding the interpretation of the lease agreement underlie its proposed cross claim.

The Court finds that Highwoods' claim for indemnification "arises out of the transaction or occurrence that is the subject matter of the original action." Therefore, there is a proper basis for asserting cross claims against Kona Grill and Chesley Brown. The Court also does not find that either of these defendants will be prejudiced because there is ample time remaining to conduct discovery on the cross claims. Accordingly, Highwoods' Motion for Leave to File Cross Claims Against Co-Defendants Kona Grill and Chesley Brown is hereby **GRANTED** (Doc. # 102). Highwoods shall file its cross claims within five days of the date of this order.

**B. Motion for Summary Judgment**

Highwoods has moved for summary judgment arguing that "[g]enerally, a landowner is not vicariously liable for injuries caused by the conduct of an independent contractor or its employees." (Motion for Summary Judgment, p. 5). Highwoods argues that Chesley Brown trained and directed the work of the Plaza security guards and it had no control over the actions of the police officer. Additionally, Highwoods states that no Highwoods employee was present at the scene of the arrest or was consulted concerning the arrest or the issuance of the barring notice. Plaintiff states in response that whether a landowner such as Highwoods has a duty to plaintiff is dependent on the amount and type of control that Highwoods exercised over its tenant, Kona Grill and its subcontractor, Chesley Brown. Plaintiff states that at this stage of the case, the amount and type of control that Highwoods exercised has not been developed and that additional discovery is necessary on this point. Plaintiff therefore requests that pursuant to Fed.R.Civ.P. 56(f), the Court either deny the motion for summary judgment or delay

5

its effective filing date and allow additional discovery.

>   Fed.R.Civ.P. 56(f) states:
>
>   If a party opposing the motion shows by affidavit that, for specified
>   reasons, it cannot present facts essential to justify its opposition, the court
>   may:
>   (1) deny the motion;
>   (2) order a continuance to enable affidavits to be obtained, depositions to be
>       taken, or other discovery to be undertaken; or
>   (3) issue any other just order.

In Ojeda v. Scottsbluff, No. 4:08CV3067, 2009 WL 2990019 (D.Neb. Sept. 16, 2009), the Court stated:

>   in order to request discovery under this rule [Fed.R.Civ.P. 56(f)], a party
>   must file an affidavit describing: (1) what facts are sought and how they
>   are to be obtained; (2) how these facts are reasonably expected to raise a
>   genuine issue of material fact; (3) what efforts the affiant has made to
>   obtain them; and (4) why the affiant's efforts were unsuccessful.

Id. at * 1 (internal citations omitted).

In the instant case, plaintiff's counsel submitted an affidavit stating that he needs to take the depositions of designated and authoritative person associated with Kona Grill, Chesley Brown and Highwoods Properties in order to establish the nature and extent of control that Highwoods exercised. Additionally, plaintiff's counsel states that he needs to take the depositions of Kona Grill employee, George Rosenkoetter and Chesley Brown employees, Tommy Nichols and William Holbrook. Plaintiff's counsel states that he has not been dilatory and that in fact a substantial portion of discovery was completed by October 6, 2009. Plaintiff's counsel states that it is anticipated that additional depositions will be taken before the close of discovery.

The Court finds that plaintiff's counsel has provided an affidavit which details what facts he needs, how these facts relate to the motion for summary judgment, what

6

efforts have been made to obtain these facts and why the efforts are not yet complete. Accordingly, in order to allow further development of this and the other issues and especially in light of the fact that discovery has now been extended to June 1, 2010, the Court hereby **DENIES** Highwoods's Motion for Summary Judgment (Doc. # 110).

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Highwoods's Motion to file Cross-Claims Against Kona Grill and Chesley Brown (Doc. # 102) and **DENIES** Highwoods's Motion for Summary Judgment (Doc. # 110).


Date:  01/08/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge