## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WILLIAM EDWARD ROYSTER,      )
                                       )
                Plaintiff,       )
                                       )
v.                                )     Case No. 08-0141-CV-W-FJG
                                     )
TOMMY NICHOLS, et al.,        )
                                     )
              Defendants.   )

## ORDER

Currently pending before the Court is Plaintiff's Motion to Voluntarily Dismiss defendants James Corwin and William Holbrook without prejudice (Doc. # 194).

Defendant James Corwin states that he does not oppose the motion to dismiss, but requests that if plaintiff, after dismissal, commences the same claims against the same defendant in any court, that plaintiff be required to pay defendant Corwin's costs of the previously dismissed action and that commencement of the subsequent suit be contingent upon such reimbursement. Plaintiff opposes the imposition of this condition on the dismissal.

Fed.R.Civ.P. 41(a)(2) states in part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(d) states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

In <u>Minnesota Min. & Mfg. Co. v. Barr Laboratories Inc.</u>, 139 F.Supp.2d 1109,

1114 (D.Minn. 2001), <u>aff'd</u>, 289 F.3d 775 (Fed.Cir. 2002), the Court stated:

> The decision to allow a party to voluntarily dismiss an action rests within
> the sound discretion of the court. <u>Hamm v. Rhone-Poulenc Rorer
> Pharmaceuticals, Inc.</u>, 187 F.3d 941 (8th Cir. 1999). The factors that the
> court should consider in exercising this discretion are: 1) whether the party
> has presented a proper explanation for its desire to dismiss; 2) whether a
> dismissal would result in a waste of judicial time and effort; and 3) whether
> a dismissal will prejudice the defendant.

In <u>Witzman v. Gross</u>, 148 F.3d 988 (8th Cir. 1998), the Court noted that

additional factors courts consider are whether a motion for summary judgment has been

filed by the defendant, defendant's effort and expense in preparing for trial and  whether

there has been excessive delay or lack of diligence on the part of the plaintiff in

prosecuting the action. <u>Id</u>. at 991-992.  In the instant case, the Court finds that although

plaintiff has not presented any explanation for his desire to dismiss his claims against

these defendants, he has been diligent in prosecuting this action. The Court finds that a

dismissal would not waste juridical time or effort because the work done on the case to

date could be used if plaintiff were to refile the action.  Although there may be some

prejudice to the defendants by allowing the voluntary dismissal at this stage of the case,

the Court finds that this can be addressed by the imposition of conditions placed upon

the refiling.  After weighing all of the factors, the Court finds that plaintiff's Motion for

Voluntary Dismissal should be granted.  However, plaintiff should be advised that if he

wishes to pursue this action a second time, he will be required to first pay defendant

Corwin and defendant Holbrook's costs, pursuant to Fed.R.Civ.P. 41(d).

Accordingly, plaintiff's Motion to Dismiss Defendants James Corwin and William

Holbrook is hereby **GRANTED** (Doc. # 194) and the claims against these two

defendants are hereby **DISMISSED** without **PREJUDICE**.


Date:___11/03/10____                                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                                    Fernando J. Gaitan, Jr.
                                                         Chief United States District Judge