# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WILLIAM EDWARD ROYSTER,      )
                                     )
                Plaintiff,      )
                                     )
v.                                  )      Case No. 08-0141-CV-W-FJG
                                     )
TOMMY NICHOLS, et al.,      )
                                     )
                Defendants.     )

## ORDER

Currently pending before the Court is plaintiff's Motion for Interlocutory Appeal (Doc. # 333).

## I. BACKGROUND

On December 6, 2010, the Court entered an Order ruling on Kona Grill and George Rosenkoetter's Motion for Partial Summary Judgment, Highwoods Property Inc.'s Renewed Motion for Summary Judgment, the Board of Police Commissioner's Motion for Summary Judgment, Chesley Brown's Motion for Summary Judgment and Tommy Nichols' Motion for Summary Judgment. Due to the complexity of the case, the number of different parties, claims asserted and the numerous summary judgment motions which were filed, the Court believed that the December 6, 2010 Order disposed of all plaintiff's claims. Plaintiff also mistakenly believed that the case had been fully resolved because he appealed the case to the Eighth Circuit on December 16, 2010. After the parties began briefing in the Eighth Circuit, plaintiff realized the mistake and filed a Motion for a Stay. On March 30, 2011, the Eighth Circuit granted the motion for a stay and remanded the case to this Court for "entry of such further order as Judge

Gaitan deems appropriate." The Eighth Circuit stated that it would "retain jurisdiction of the appeal pending further action by Judge Gaitan." Plaintiff has now filed a Motion for an Interlocutory Appeal pursuant to Fed.R.Civ.P. 54(b). Plaintiff is asking the Court to enter final judgment as to all the defendants except Kona Grill & Rosenkoetter and certify that there is no just cause for delay, so that the remaining claims can be appealed. Defendants Chesley Brown and Tommy Nichols filed suggestions in response stating that plaintiff has known about this issue for some time, yet failed to raise it until just recently. Chesley Brown and Nichols state that they have been prejudiced because they have spent time and money briefing the issue before the Eighth Circuit. Chesley Brown and Nichols state that the Court can modify the original Order to address the issue of ripeness for appeal, either through a final order disposing of all claims, interlocutory relief or denial of interlocutory relief and further clarification of the status of the remaining claims.

## II. STANDARD

Fed.R.Civ.P. 54(b) states:

> When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

## III. DISCUSSION

Plaintiff states that during the appeals process, he realized that the Court of Appeals did not have jurisdiction over the appeal because there had been no disposition of plaintiff's state tort claims against defendants Kona Grill and George Rosenkoetter. It should be noted that in their Motion for Partial Summary Judgment, Kona Grill and Rosenkoetter did not move for summary judgment on plaintiff's state tort claims (Doc. # 146). Plaintiff now requests this Court to amend its judgment to state that even though the state tort claims have not been fully adjudicated, "there is no just reason for delay" and the Eighth Circuit should continue its consideration of the other claims.

In Bourgeois v. Vanderbilt, No. 06-CV-4061, 2009 WL 2407824, (W.D.Ark, July 31, 2009), aff'd, 2011 WL 1849309 (8th Cir. 2011), the Court stated:

> When deciding whether to certify an order as a final judgment under Rule 54(b), the Court must first determine whether it is dealing with a final judgment. It must be a decision upon a cognizable claim for relief that is an ultimate disposition of an individual claim entered in the course of a multiple claims action. . . .Rule 54(b) certifications should not be granted routinely or as an accommodation to counsel . . .[C]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. . . .The Eighth Circuit stated that delaying appeal until all issues can be confronted by the appellate court is particularly desirable where (as here) the adjudicated and pending claims are closely related and stem from essentially the same factual allegations. . . . Moreover, the Eighth Circuit has stated that a risk of having two trials is not a sufficient reason for certification.

Id at *1 (internal citations and quotations omitted). In Bourgeois, the plaintiff was seeking certification in order to avoid the extra cost if the summary judgment order were to be reversed and the case had to tried twice. However, the Eighth Circuit found these reasons unpersuasive "in light of the Eighth Circuit"s precedent and its previous rejections of Plaintiff's same reasoning." Id. Additionally, in McAdams v. McCord, 533

F.3d 924 (8th Cir. 2008), the Court stated:

> In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. . . .Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.

Id. at 928 (internal citations and quotations omitted). "It is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir.1993).

In Pinnacle Pizza Co. v. Little Caesar Enterprises Inc., No. Civ 04-4170-KES, 2008 WL 5105450 (D.S.D. Dec. 2, 2008), aff'd, 598 F.3d 970 (8th Cir.2010), plaintiff moved to certify the court's order granting summary judgment on plaintiff's claims, even though defendant's counterclaims remained pending. The Court found that plaintiff's claims and the defendant's unresolved counterclaim "arise out of the same factual allegations, involve the same parties, and raise similar legal issues regarding interpretation of the franchise agreements." Id. at *1. The Court noted:

> The Eighth Circuit has found that a strong relationship between the adjudicated and unadjudicated claims is sufficient to deny certification under Rule 54(b). . . .[T]his case deals with essentially one set of facts, with which [the appeals] court would need to refamiliarize itself on subsequent appeals[,] . . . [weighing] heavily against entry of judgment under [Rule 54(b)].

Id. (internal citations and quotations omitted). The Court in Pinnacle also noted that plaintiff had not shown any danger of hardship or injustice that could only be eliminated through immediate appeal. The Court therefore denied Pinnacle's motion for certification.

Similarly, in the instant case, there is one set of facts which underlies the § 1983

4

claims and the state law claims. All eight counts of the Complaint arise out of and relate to the detention and arrest of William Royster on February 28, 2006. Additionally, the state law claims have already been adjudicated as to some of the defendants. As noted above, the Court finds that this factor weighs heavily against granting certification of the summary judgment order. Additionally, other than arguing that "an interlocutory appeal would result in the case being resolved far earlier and at far less cost to all involved" plaintiff has not shown that there is any danger of hardship or injustice if the appeal of the case is delayed. Accordingly, the Court finds that after considering and weighing the issues, there is no basis on which to grant plaintiff's Motion for Certification. Therefore, plaintiff's Motion for Interlocutory Appeal is hereby **DENIED** (Doc. # 333).

In order that the appeal of this case may proceed, the remaining state law claims against the Kona Grill and George Rosenkoetter must be resolved. Accordingly, the Court hereby **ORDERS** the parties to file dispositive motions on the state law claims on or before **June 13, 2011** or file a statement as to why they do not intend to file a dispositive motion.


Date:   05/23/11                                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                            Chief United States District Judge