# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM EDWARD ROYSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-0141-CV-W-FJG |
| ) | |
| TOMMY NICHOLS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion to Remand Case (Doc. # 338), defendant Kona Grill and George Rosenkoetter's Motion for Partial Summary Judgment (Doc. # 339) and plaintiff's Alternative Motion for Reconsideration (Doc. # 344).

### I. BACKGROUND

On December 6, 2010, the Court entered an Order ruling on Kona Grill and George Rosenkoetter's Motion for Partial Summary Judgment, Highwoods Property Inc.'s Renewed Motion for Summary Judgment, the Board of Police Commissioner's Motion for Summary Judgment, Chesley Brown's Motion for Summary Judgment and Tommy Nichols' Motion for Summary Judgment. Due to the complexity of the case, the number of different parties, claims and cross-claims asserted amongst the various parties and the numerous summary judgment motions which were filed, the Court believed that the December 6, 2010 Order disposed of all plaintiff's claims. On December 16, 2010, plaintiff appealed the case to the Eighth Circuit Court of Appeals. On March 15, 2011, shortly before plaintiff's reply brief was due to be filed in the Eighth

Circuit, plaintiff filed a Motion for a Stay, stating that the judgment appealed from was not final. On March 30, 2011, the Eighth Circuit granted the motion for a stay and remanded the case to this Court for "entry of such further order as Judge Gaitan deems appropriate." The Eighth Circuit stated that it would "retain jurisdiction of the appeal pending further action by Judge Gaitan." On April 4, 2011, plaintiff filed a Motion for an Interlocutory Appeal (Doc. # 333). On May 23, 2011, this Court denied plaintiff's Motion for an Interlocutory Appeal and directed the parties to file dispositive motions on the state law clams against Kona Grill and George Rosenkoetter or file a statement as to why they do not intend to file a dispositive motion. The parties have now done so and the Court hereby rules as follows.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In

2

reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

### III.  DISCUSSION

**A. Plaintiff's Motion to Remand**

In response to the Court's May 23, 2011 Order, plaintiff stated that he did not intend to file a dispositive motion and instead requested that this Court remand plaintiff's state law claims against the Kona Grill and George Rosenkoetter to the Jackson County Circuit Court.  Plaintiff argues that the state law claims against Kona Grill and George Rosenkoetter should be remanded to state court because no federal claims remain and also because the factors of judicial economy, convenience and/or fairness do not weigh heavily against remand.  Defendants argue that there is no need to remand this case to state court, as supplemental jurisdiction over the state law claims exists.  Defendants argue that supplemental jurisdiction exists when the state law claims "derive from a common nucleus of operative fact" and plaintiff would be expected to bring the claims in one suit. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Defendants also argue that the Court should retain supplemental jurisdiction over the remaining state law claims because both this Court and the parties have invested a substantial amount of time in this case and the additional factors of convenience and fairness justify retaining jurisdiction.

In Besett v. Wadena County, No. Civ.No. 10-934 (JRT/LIB), 2010 WL 5439720,

(D.Minn. Dec. 7, 2010), the Court noted that the exercise of supplemental jurisdiction after dismissal of the federal claims is discretionary. Id. at *18, n. 8, (citing Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc., 77 F.3d 1063, 1068 (8th Cir.1996), cert. denied, 519 U.S. 948 (1996)).  In instances where the case involved "closely related claims and factual events, and resolving those claims in the same forum will promote the interests of efficiency and justice" the Court noted that retaining jurisdiction was recommended. Id.

The Court agrees with defendants that the Court should retain jurisdiction over the state law claims against Kona Grill and George Rosenkoetter.  This case was removed to this Court over three years ago.  During that time, the parties have engaged in significant discovery, have taken eighteen depositions and filed numerous motions, including five separate summary judgment motions.  The Court finds that the factors of judicial economy, convenience and fairness dictate that this Court retain jurisdiction and rule on the pending motion for summary judgment, rather than remand plaintiff's state law claims against the Kona Grill and George Rosenkoetter to state court.  Accordingly, plaintiff's Motion to Remand is hereby **DENIED** (Doc. # 338).

**B.  Kona Grill and Rosenkoetter's Motion for Partial Summary Judgment**

The facts of the case have been previously outlined by the Court in the earlier order ruling on the parties' motions for summary judgment (Doc. # 320) and need not be repeated here. The Kona Grill and George Rosenkoetter have now moved for summary judgment on plaintiff's state law claims and the Court hereby rules as follows.

4

**1. False Arrest**

Defendants argue that because the Court determined that Officer Nichols had probable cause to arrest Royster, his arrest was lawful and plaintiff may not maintain his actions for false arrest or malicious prosecution.

> Under Missouri law to prevail on a claim for false arrest, also termed false imprisonment, a plaintiff must show that the defendant confined the plaintiff without legal justification. . . . A defendant is considered to have confined the plaintiff for the purposes of false arrest if he or she encourages, causes, promotes, or instigates the arrest.

Zike v. Advance America, Cash Advance Centers of Missouri, Inc., 646 F.3d 504 (8th Cir. 2011)(internal citations and quotations omitted).

Plaintiff argues that there is no question that Rosenkoetter and Kona Grill initiated plaintiff's arrest and prosecution. "Officer Nichols clearly stated that to proceed with the arrest Rosenkoetter needed to sign the complaint which Rosenkoetter immediately did. Plaintiff stated that he had done nothing wrong and should not be arrested. This is all that is required to be shown by Plaintiff under Missouri law for Plaintiff to make a case that goes to the jury against these defendants for false arrest or false imprisonment." (Plaintiff's Suggestions in Opposition, p. 11). Plaintiff then cites to the Missouri Approved Instructions for False Arrest and the Affirmative Defense instruction that defendants would be entitled to. Plaintiff argues that "it is these Defendants' burden to show the reasonableness of Officer Nichols' restraint resulting from the complaint and no uncontroverted facts have been presented supporting their issue."

However, as stated in the earlier Order, this Court has already determined that Officer Nichols had probable cause to arrest Royster. As stated in the earlier order: "[i]t

5

was Mr. Rosenkoetter's belief that the credit card charge slip was not valid unless plaintiff signed it. It is irrelevant for the probable cause analysis, that the bill was eventually paid by American Express. The fact is that both Mr. Rosenkoetter and Officer Nichols had a reasonable belief that the credit card charge slip was invalid unless it contained plaintiff's signature. In reviewing the totality of the circumstances, the Court finds that Officer Nichols had probable cause to arrest plaintiff on February 28, 2006." (Doc. # 320, p. 18). When probable cause exists, the arrest is not unlawful and a claim for false imprisonment cannot be maintained. See Zike, 646 F.3d at 512 ("where . . . an arrest is supported by probable cause, that arrest is justified *per se* under Missouri law and therefore cannot form the basis of a false-arrest claim."); Fisher v. Wal-Mart, 619 F.3d 811, 820 (8th Cir. 2010)(Where police officers had probable cause to arrest plaintiff the arrest was not unlawful and plaintiff could not sue retailer for false imprisonment.) Therefore, because the Court has previously determined that Officer Nichols had probable cause, the Court hereby **GRANTS** defendant Kona Grill and George Rosenkoetter's Motion for Summary Judgment on plaintiff's false arrest claim.

**2. Malicious Prosecution**

The elements of a claim of malicious prosecution are:

(1) the commencement of a prosecution against the plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and (6) the plaintiff was damaged.

Sanders v. Daniel Int'l Corp., 682 S.W.2d 803, 807 (Mo.1984).

In Fisher, 619 F.3d 811, the Court stated:

> To be held liable for malicious prosecution, a defendant must have initiated the proceedings primarily for a purpose other than that of bringing an offender to justice. . . . To demonstrate the legal malice necessary to sustain the judgment, [Fisher] [i]s required to show either that [Wal-Mart] had an illegitimate motive for the prosecution, or that it knowingly acted with flagrant disregard for [Fisher's] rights so that an improper motive may be inferred. . . . To impose liability on a defendant for malicious prosecution, defendant must advise, encourage, pressure, or cause the institution of the prosecution.

Id. at 822-23 (internal citations and quotations omitted).

Defendants argue that because this Court concluded earlier that Officer Nichols had probable cause to arrest plaintiff, this negates one of the essential elements of the malicious prosecution claim. Defendants also argue that plaintiff cannot show that Rosenkoetter was motivated by malice, because he had a good faith belief at the time of Royster's arrest that it was necessary for Royster to sign the credit card slip.

In opposition plaintiff again cites to Missouri Approved Instructions as to what elements the jury must find in order for plaintiff to prevail. As the Court noted in Fisher, "these instructions are not a source of law - Missouri appellate and Eighth Circuit case law is the proper source." Id. at 822, n.4. Plaintiff again attempts to reargue the issue of probable cause. However, the Court has already made a ruling on this issue and the finding of probable cause is fatal to plaintiff's malicious prosecution claim. Additionally, the Court finds that plaintiff has not shown that either the Kona Grill or George Rosenkoetter acted with malice. Accordingly, the Kona Grill and George Rosenkoetter's Motion for Summary Judgment on plaintiff's Malicious Prosecution claim is hereby **GRANTED**.

### 3. Negligence Claim

Defendants state that Missouri does not recognize a cause of action for negligent arrest. Even if such a claim were recognized in Missouri, defendants argue that there is no basis on which to conclude that Kona Grill or George Rosenkoetter owed any legal duty to plaintiff to prevent his arrest by Officer Nichols. Similarly, defendants argue that even if a duty were shown, there are no facts indicating that Officer's Nichols breached any duty to exercise ordinary care in making the arrest.

Plaintiff argues that the defendants had a "fundamental duty not to accuse Plaintiff of stealing when they knew or should have known that he had not committed the offense." (Plaintiff's Suggestions in Opposition, p. 13). Plaintiff asserts that to state a cause of action for negligence, there must be substantial evidence of negligence and this negligence must directly cause or contribute to plaintiff's injuries.

The Court agrees with defendants that no cause of action for negligent arrest has been shown to exist in Missouri. Additionally, as the Court indicated in its earlier order, because probable cause existed to make the arrest, the Kona Grill and George Rosenkoetter did not owe any duty to plaintiff to prevent his lawful arrest. Accordingly, the Court hereby **GRANTS** the Kona Grill and George Rosenkoetter's Motion for Summary Judgment on Plaintiff's Negligent Arrest claim.

### 4. Outrage Claim

Defendants argue that they are entitled to summary judgment on plaintiff's intentional infliction of emotional distress claim or outrage claim, as they state that their conduct was neither extreme or outrageous. In Gibson v. Brewer, 952 S.W.2d 239 (Mo. banc 1997), the Missouri Supreme Court stated:

> [t]o state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm. . . .The conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . The conduct must be intended only to cause extreme emotional distress to the victim.

Id. at 249 (internal citations and quotations omitted).

Plaintiff offered no argument in response to defendants' assertion that plaintiff failed to establish any facts which would support a claim of intentional infliction of emotional distress. The Court agrees and find that there is no evidence which would support this claim. Accordingly, the Court hereby **GRANTS** Kona Grill and George Rosenkoetter's Motion for Summary Judgment on plaintiff's Intentional Infliction of Emotional Distress Claim.

**5. Lost Profits**

Defendants argue that plaintiff's claim for lost profits is too speculative to warrant recovery. Defendants state that plaintiff is claiming a loss of business profits from a company that was not in existence at the time of the incident and never came into existence. Defendants also argue that plaintiff has not identified an expert witness who can prove his damages. Plaintiff offered no response to defendant's argument with regard to his lost profits claim. As the Court stated when ruling on Officer Nichols and Chesley Brown's Motion for Summary Judgment on the lost profits claim, it is unnecessary to reach this issue, as the Court has granted summary judgment on all of plaintiff's claims. Accordingly, the Court hereby **DENIES** as **MOOT** Kona Grill and George Rosenkoetter's Motion for Summary Judgment on Lost Profits.

Accordingly, the Court hereby **GRANTS** Kona Grill and George Rosenkoetter's Motion for Summary Judgment (Doc. # 339).

### C. Plaintiff's Alternative Motion for Reconsideration of this Court's Order Denying Plaintiff's Motion for Interlocutory Appeal

Plaintiff requests that the Court reconsider its previous Order of May 23, 2011, denying plaintiff's Motion for an Interlocutory Appeal. Plaintiff's basis for requesting reconsideration is that the Court gave Kona Grill and Rosenkoetter "another bite at the apple" by allowing them to file a summary judgment motion out of time. Plaintiff states that after the Court has reviewed Kona Grill and Rosenkoetter's summary judgment motions, it "will understand why such a motion is without merit." Plaintiff thus asserts that a final judgment cannot be entered in this case and thus the only appeal that can be taken is an interlocutory one.

Defendants Kona Grill and George Rosenkoetter oppose the motion, arguing that they filed their supplemental motion for summary judgment at the Court's direction and within the time frame provided. Defendants also state that the Court has broad discretion with regard to the entry and modification of scheduling orders and thus properly directed the parties to provide the additional briefing regarding the remaining state law claims. Defendants also argue that if the Court finds that summary judgment is proper on the remaining state law claims, then plaintiff's Motion for Reconsideration should be denied as moot.

The Court has now fully considered the supplemental summary judgment briefs filed by the parties on plaintiff's state law claims against the Kona Grill and George Rosenkoetter. As the Court has concluded that the entry of summary judgment is

proper as to plaintiff's state claims against the Kona Grill and George Rosenkoetter, the Court hereby **DENIES** as **MOOT** plaintiff's Alternative Motion for Reconsideration of the Order Denying Plaintiff's Motion for Interlocutory Appeal (Doc. # 344)[1].

Date: October 3, 2011                         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                                           Chief United States District Judge

---

[1] The Court disagrees with plaintiff's assertion that the Court improperly gave Kona Grill and George Rosenkoetter "another bite at the apple." The Eighth Circuit remanded the case to this Court for "such further order as Judge Gaitan deems appropriate." In order for the appeal of the case to continue, plaintiff's state law claims against these two defendants had to be addressed. Additionally, the Court would note that this issue could have been resolved months ago, if plaintiff had simply brought the issue to the Court's attention immediately, instead of filing an appeal and briefing the issue before the Eighth Circuit.