# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM EDWARD ROYSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-141-CV-W-FJG |
| | ) |
| NICHOLS, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is defendants Nichols and Chesley Brown International Inc.'s Motion to Enforce Court Order Requiring Plaintiff to Pay Defendants' Costs (Doc. # 360).

On May 30, 2013, the Court awarded $7,648.54 to defendants Nichols and Chesley Brown as costs and $5,033.08 to Kona Grill and Rosenkoetter as costs (Doc. # 359). On June 21, 2013, counsel for Chesley Brown sent a letter to plaintiff's counsel requesting payment of the costs or that payment arrangements be made within ten days. Defendants state that plaintiff failed to respond to the letter and to date plaintiff has failed to pay the costs. Defendant seeks an Order from the Court holding plaintiff in contempt for failing to pay the outstanding costs. Plaintiff states in response that the motion is without merit and there is no authority which would allow for a civil contempt order to be entered against him.

The Court finds the Motion to Enforce and hold plaintiff in contempt to be premature. While it is true that a court may hold a party in contempt for violating a

discovery order, "[b]efore a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." Hazen v. Reagan, 16 F.3d 921, 924 (8th Cir.1994)(internal quotation omitted). "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence, that the alleged contemnors violated a court order." Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir.2000)(internal citation omitted). In the instant case, the May 30, 2013 Order did not specifically direct plaintiff to pay the damages, it was merely an Order entering judgment for costs in defendant's favor. Fed.R.Civ.P. 69 states:

(1) A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

(2) In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

"Discovery devices in the state and federal court systems include, but are not limited to, debtor's examinations, depositions upon oral examination or written questions, written interrogatories, requests for the production of documents or things, permission to enter upon land or other property for inspection and other purposes, physical and mental examinations, requests for admission, and subpoenas." United States v. Brooks, No.8:09CV87, 2010 WL 2163364, *1 (D.Neb. May 25, 2010). "The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment, and the plaintiff 'is entitled to a very thorough examination of the judgment

debtor.'" Id. (quoting Credit Lyonnais S.A. v. SGC Inter. Inc., 160 F.3d 428, 430 (8th Cir.1998)).

Thus, the Court finds that there is no basis for granting the Motion to Enforce the May 30, 2013 Court Order. Rather, the defendants must first serve post-judgment discovery on the plaintiff. If the plaintiff refuses to answer the discovery, then the defendants may file a Motion to Compel responses to the discovery. Accordingly, the Court hereby **DENIES** defendant Nichols and Chesley Brown International Inc.'s Motion to Enforce Court Order Requiring Plaintiff to Pay Defendants' Costs (Doc. # 360).

Date: October 17, 2013　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge